UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
YALE-NEW HAVEN HOSPITAL,             :   INTERPLEADER COMPLAINT
          Interpleader Plaintiff,    :   Case No.  -CV-
     - against -                     :
Claire M. Nicholls and Barbara Nicholls,  :   SEPTEMBER 13, 2012
          Interpleader Defendants.   :
------------------------------x

## INTERPLEADER COMPLAINT

Interpleader Plaintiff, Yale-New Haven Hospital, as Plan Administrator, by and through its attorneys, Wiggin and Dana LLP, for its Interpleader Complaint, alleges as follows:

## NATURE OF ACTION

1. This is an action for interpleader to determine entitlement to benefits payable under employee pension benefit plans sponsored by Yale-New Haven Hospital ("YNHH"), which is also the Plan Administrator of the Plans under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et seq.

2. This action arises under the ERISA because the Yale-New Haven Hospital Cash Account Pension Plan (the "CAPP"), the Yale-New Haven Hospital Matching Tax Shelter Annuity Plan (the "Matching Plan"), the Yale-New Haven Hospital Section 403(b) Tax-sheltered Annuity Plan (the "TSA") and Yale-New Haven Hospital and Tax-Exempt Affiliates 457 Non-Qualified Deferred Compensation Plan (the "457 Plan") (collectively, the "Plans") are subject to ERISA.

3. Decedent, Harold H. Nicholls, participated in the Plans during his employment with YNHH and accrued certain benefits under each Plan, and as a result of his death there are certain funds (the "Funds") in the Plans that are payable by the Plan Administrator.

4. This Interpleader is necessary because the Plan Administrator has received notice of conflicting claims to the Funds from Barbara Nicholls, as surviving spouse of Harold H. Nicholls, and Claire M. Nicholls, as an alternative payee under a domestic relations order.

5. As a result, the Plans are exposed to multiple liability with respect to its disposition of the Funds absent Court resolution of the competing claims and the Plan Administrator stands ready to pay when and as directed by the Court.

## PARTIES

6. Interpleader Plaintiff Yale-New Haven Hospital, with its principal place of business in New Haven, Connecticut, is the Plan Administrator (the "Plan Administrator") of the Plans.

7. Upon information and belief, Interpleader defendant Barbara Nicholls is a natural person and the surviving spouse of the decedent Harold H. Nicholls, with an address c/o Attorney Kenneth A. Votre, 8 Frontage Road, East Haven, CT 06512.

8. Upon information and belief, Interpleader defendant Claire M. Nicholls is a natural person and a former spouse of the decedent Harold H. Nicholls and an alternate payee domestic relations order ("DRO"), with an address at 174 Woodland Road, Guilford, CT 06437.

9. The Interpleader defendants have, or may have, an interest in the Funds.

## SUBJECT MATTER JURISDICTION AND VENUE

10. The Court has jurisdiction over this Interpleader action pursuant to the provisions of Federal Rule of Civil Procedure 22 and the ERISA, 29 U.S.C. §1332. This Court is the proper venue for this action because the parties are residents within this judicial district.

## FACTS AND CLAIMS FOR RELIEF – INTERPLEADER ACTION

11. Plaintiff, Yale-New Haven Hospital, is the Plan Administrator for the Plans.

12. Decedent, Harold H. Nicholls, participated in the Plans during his employment with YNHH and accrued certain benefits under each Plan, and as a result of his death there are Funds in the Plans that are payable by the Plan Administrator.

13. This Interpleader is necessary because the Plan Administrator has received notice of conflicting claims to the Funds from Barbara Nicholls, as surviving spouse of Harold H. Nicholls, and Claire M. Nicholls, as an alternative payee under a domestic relations order.

14. Barbara Nicholls, the surviving spouse, claims that she is entitled to the Funds because there was no DRO entered or qualified by the Plan Administrator at the time of Harold Nicholls' death, at which time she became vested in certain death benefits payable under the Plans. However, Claire M. Nicholls claims that she is entitled to a portion of the Funds in accordance with a Judgment for Dissolution of Marriage dated September 5, 2008 that was entered in Connecticut Superior Court, Judicial District of New Haven at New Haven, Docket # FA 07-4028054 and a posthumous DRO in accordance with 29 C.F.R. § 2530.

15. As of July 12, 2012, the value of the Funds was $351,392.52, apportioned as follows:

    (a) CAPP: $202,790.64;

    (b) Matching Plan: $26,673.42;

3

  (c) 403(b) Plan: $38,342.46; and

  (d) 457 Plan: $83,586.00.

 16. The Plan Administrator acknowledges that the Funds, in the sum of $351,392.52 (as of July 12, 2012) are now due and payable to either Barbara Nicholls or Claire Nicholls or some combination of both of them.

 17. The Plan Administrator claims no beneficial interest in the Funds, and is a mere stakeholder except to the extent it is entitled to recover its attorneys fees and expenses from the interpleaded fund.

 18. Unless the conflicting and adverse claims to the Funds are disposed of in a single proceeding, the Plan Administrator will be subject to multiple litigation. In addition, there is a substantial risk that duplicative or inconsistent rulings on liability for payment will result.

 19. Pursuant to the Rules of this Court, the Plan Administrator will file a Motion for Leave to Deposit the $351,392.52 from the Plans with this Court.

 WHEREFORE, the Plan Administrator respectfully requests that the Court enter judgment:

 A. Enjoining all parties from instituting or pursuing any proceedings in any Court, federal or state, against the Plan Administrator for the recovery of all or part of the Funds in issue before the Court;

 B. Ordering the Defendants to interplead and settle between themselves their rights to the Funds;

 C. Discharging the Plan Administrator from any and all liability to the defendants with respect to the Funds;

 D. Awarding the Plan Administrator its costs and attorneys' fees incurred in prosecuting

this action; and

E.  Granting the Plan Administrator such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

By: _____
James O. Craven, Esq. (ct18790)
WIGGIN AND DANA, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508-1832
Telephone: 203.498.4400
Facsimile: 203.782.2889
jcraven@wiggin.com

Dated: New Haven, Connecticut
September 13, 2012